IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WALTER MCCULLOUGH,                                                          PLAINTIFF
ADC # 91861

v.                                          4:22CV00776-DPM-JTK

DEXTER PAYNE, et al.                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.      INTRODUCTION

Walter McCullough ("Plaintiff") is in custody at the Pine Bluff Unit of the Arkansas Division of Correction. He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 without paying the filing and administrative fees. (Doc. No. 1). Because the Court determined that Plaintiff is a three-striker under the Prison Litigation Reform Act ("PLRA"), the Court recommended that Plaintiff's claims be dismissed for failure to pay the fees. (Doc. No. 3). Twelve days after the Recommendation was entered, Plaintiff paid the filing and administrative

1

fees in full. (Doc. No. 4). United States District Judge D.P. Marshall Jr. then declined the Recommendation and returned this case to the undersigned for further proceedings. (Doc. No. 7).

The Court will now screen Plaintiff's Complaint pursuant to the PLRA. 28 U.S.C. § 1915A; Lewis v. Estes, 242 F.3d 375 (8th Cir. 2000) (per curiam) (§ 1915A's screening requirement applies regardless of fee status).

## II.    SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. PLAINTIFF'S COMPLAINT

Plaintiff sued Arkansas Division of Correction Director Dexter Payne, Deputy Warden Branch, Major Mary Cobbs, Disciplinary Hearing Officer Justine Minor, Grievance Coordinator C. Stewart, and CO II J. Armour under 42 U.S.C. § 1983.   (Doc. No. 1).   Plaintiff's Complaint brings claims in connection with two separate occurrences: (A) the 2018 application of Administrative Directive 18-01 to Plaintiff and (B) two November 2021 grievances.   (Id.).

#### A. Administrative Directive 18-01

Administrative Directive 18-01 governs class status and promotion eligibility.   (Id. at 19-25).   As the Court understands Plaintiffs' Complaint, Plaintiff alleges that classification officer Barnes—not a party to this action—violated Plaintiff's constitutional rights when "through the illegal retroactive use of sanctions already imposed and completed before the effective date" of Administrative Directive 18-01, Plaintiff's appearance before the classification committee was delayed.   (Id. at 4, 5-7, 19-25).   Plaintiff grieved this matter on November 19, 2018 in grievance PB-18-00173.   (Id. at 5-7).   Grievance PB-18-00173 reads:

> In violation of A.D.C. policy and procedure (AD-08-07), (AD-11-17), (AD-18-12), and (18-34), plus also (09-28) the classification officer Velma Barnes has so continued to refuse the placement of this inmate before any meeting of the classification committee of the Pine Bluff Unit, while citing erroneously to a one year stipulation that does not apply to the (4/10/18) "Major Disciplinary" finally of guilt as rendered toward this said inmate!   Therefore, my one complaint is that I have not been allowed timely to go before the classification committee at the proper time of (90) days from find of guilt . . . Meaning that by this date of (11/10/18) I should already have been Class-I!

(Id. at 5).

Plaintiff's appeal of in grievance PB-18-00173 was denied on December 21, 2018.   (Doc. No. 1 at 7).   In 2020 and 2021, Plaintiff then filed actions in the Circuit Court of Jefferson County, Arkansas:   McCullough v. Payne, et al., 35CV-20-325; McCullough v. Payne, et al., 35CV-21-

3

573.  (Id. at 1, 33).[1]   Plaintiff says the cases deal with the same facts involved in this action; both cases have been dismissed.   (Id. at 1).

### B.    November 2021 Disciplinaries

Plaintiff received two major disciplinaries in November 2021.   (Id. at 38-39, 46-49, 55-57).   In a November 5, 2021 disciplinary, Defendant Armour charged Plaintiff with indecent exposure and insolence to a staff member.   (Id. at 38).   Defendant Cobbs was the reviewing officer and the outcome was "Refer to Hearing Officer/Comm."   (Id.).   On November 16, 2021, Defendant Minor found Plaintiff guilty of both charges.   (Doc. No. 1 at 48).   As a result, Plaintiff lost commissary, phone, and visitation privileges for 60 days, and his class was reduced.   (Id.). Plaintiff also received 30 days in punitive isolation and lost 365 days of good time.   (Id.).

Plaintiff alleges the disciplinary issued by Defendant Armour was "done with the intent to falsify, or deceive . . . ."   (Id. at 29)   He maintains he was "being accused falsely."   (Id. at 31).

In a November 16, 2021 disciplinary, Defendant Stewart charged Plaintiff with: possession/introduction of clothing or property not issued or authorized by the center/unit; failure to obey verbal and/or written order(s) of staff; and unauthorized use of state property/supplies. (Id. at 39).   Defendant Cobbs was the reviewing officer and the outcome was "Refer to Hearing Officer/Comm."   (Doc. No. 1 at 39).   On November 23, 2021, Defendant Minor found Plaintiff guilty of the two property charges, but not guilty of failure to obey verbal and/or written orders of staff.   (Id. at 55).   As a result, Plaintiff lost commissary, phone, and visitation privileges for 45 days.   (Id.).   Also, Plaintiff's class was reduced, and he lost 150 days of good time.   (Id.).

---

[1] The Court may take judicial notice of the proceedings in Plaintiff's state cases because they are directly related to the issues here.   Conforti v. United States, 74 F.3d 838, 840 (8th Cir. 1996).

Plaintiff alleges that Defendant Minor "acted in concert with all mentioned previously staff members" in the disciplinary process in retaliation for Plaintiff filing grievance PB-18-00173. (Id. at 32).

Plaintiff appealed both disciplinaries. (Id. at 46-47, 50-54, 57). Defendant Payne denied Plaintiff's request to reverse the disciplinaries. (Doc. No. 1 at 40, 41). Plaintiff asserts that Defendant Payne "allowed retaliatory acts against Plaintiff for his grievances & lawsuits . . . ." (Id. at 27). Plaintiff also alleges that Defendant Branch "took no corrective action concerning the facts of this matter." (Id. at 58-60, 27).

According to Plaintiff, Defendants' unlawful conduct violated his rights under the Eighth and Fourteenth Amendments and resulted in the "illegal prolonging of [his] sentence[]." (Id. at 30). Plaintiff seeks damages, among other relief. (Id. at 4).

## IV.   ANALYSIS

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted.

### A.   Application of Administrative Directive 18-01

Plaintiff alleges the provisions of Administrative Directive 18-01 were wrongfully applied to him. Specifically, Plaintiff alleges "a 'classic' ex post facto violation having manifested itself thru the illegally retroactive use of sanctions already imposed & completed prior to the effective date of (AD-1801) in denial of Plaintiff's 8th & 14th U.S. Amend[ment] right to be free from irreparable harm . . . ." (Id at 4). Pursuant to Section IV, Subsection F of Administrative Directive 18-01, Plaintiff was prevented him from being seen by the classification committee for a period of one year from the date of his earlier guilty verdict for indecent exposure. (Id. at 4, 7). Plaintiff grieved the issue, and received the decision on appeal in December 2018.

The limitations period for a § 1983 action is governed by the statute of limitations for personal-injury actions in the state in which the claim accrues. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995). The Eighth Circuit has acknowledged that, in Arkansas, the general personal-injury statute of limitations is three years. See Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992); Morton v. City of Little Rock, 934 F.2d 180, 182–83 (8th Cir. 1991). Therefore, § 1983 claims accruing in Arkansas have a three-year statute of limitations.

Although courts look to state law for the length of the limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). "The general rule is that a claim accrues at the time of the plaintiff's injury." Osborn v. United States, 918 F.2d 724, 731 (8th Cir. 1990) (citing Wehrman v. United States, 830 F.2d 1480, 1483 (8th Cir. 1987)).

Here, Plaintiff's injury occurred at the latest at the time the appeal of his disciplinaries was denied – December 21, 2018. Because Plaintiff filed his Complaint on August 30, 2022, more than three years after the date on which his claim accrued, Plaintiff's claims are time barred and subject to dismissal.

Plaintiff asserts that the statute of limitations should be tolled because he pursued state-court remedies in the interim. (Doc. No. 1 at 36-37). The Court is not persuaded. Plaintiff's cause of action accrued by December 21, 2018. Kaster v. Iowa, 975 F.2d 1381, 1382 (8th Cir. 1992) (per curiam) (cause of action accrued at time of plaintiff's injury, not when state court action concluded).

Additionally, Plaintiff's claim in connection with Administrative Directive 18-01 would fail even if it were timely brought. Plaintiff has no liberty interest in his class, and no liberty

6

interest in the possibility of parole. Madewell v. Roberts, 909 F.2d 1203, 1207 (8th Cir. 1990); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, et al. 442 U.S. 1, 7 (1979). And without more, "there is no § 1983 liability for violating prison policy." Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

### B. November 2021 Disciplinaries

As a consequence of Plaintiff's November 2021 disciplinary convictions, Plaintiff's class was reduced and he lost commissary, phone, and visitation privileges, as well as losing good time.

To the extent Plaintiff alleges his due process rights were violated, Plaintiff does not have a protected liberty interest in his class status. Madewell, 909 F.2d 1203, 1207 (8th Cir. 1990). And 30 days in punitive isolation is not a "dramatic departure from the basic conditions of confinement." Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996). Further, Plaintiff has no protected liberty interest in commissary, phone, or visitation privileges. Phillips v. Norris, 320 F.3d 844, 846-47 (8th Cir. 2003); Kennedy, 100 F.3d at 642-43 & n.2 (8th Cir. 1996). Because Plaintiff has not established that he was deprived of a protected liberty interest through the loss of class, privileges, and time in punitive isolation, these due process claim fails.

A prisoner has a liberty interest in good time earned. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). As mentioned above, Plaintiff lost good time as a result of his convictions.

While Plaintiff does not say that he is seeking immediate or earlier release from prison, that is at the heart of his claim; he alleged that Defendants' actions illegally prolonged his sentence. (Doc. No. 1 at 30). A judgment in Plaintiff's favor could result in a shorter term of confinement—good time credits being restored. When a prisoner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from imprisonment, his sole federal remedy is a writ of

7

habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). To the extent Plaintiff challenges the duration of his sentence, he may obtain relief only through a writ of habeas corpus—not in this § 1983 action.

Further, Plaintiff's claims challenge the outcome of the disciplinary proceedings against him. If the Court found in favor of Plaintiff, the result would call into question Plaintiff's guilty verdicts and the consequent loss of good time. Heck v. Humphrey, 512 U.S. 477, 482-83 (1994). See also Cox v. Clark, 321 F. Appx. 673, 676-77 (9th Cir. 2009) (distinguishing procedure from result); Collier v. Dragoo, 153 F.3d 726 (10th Cir. 1998) (unpublished) (distinguishing procedure from result).

As the United States Supreme Court has instructed:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487. This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit." Id. at 485 (internal citations omitted). In other words, to succeed on his damages claim, Plaintiff must establish the unlawfulness of the length of his continued confinement—that his good time was taken unlawfully—which is the type of claim barred by Heck. See Edwards v. Balisok, 520 U.S. 641 (1997); Portley-El v. Brill, 288 F.3d 1063, 1066-67 (8th Cir. 2002).

The Court again notes that Plaintiff does not have a protected liberty interest in the possibility of parole, and, as such, the violation of Plaintiff's due process rights are not implicated as to any potential parole date. See Greenholtz, 442 U.S. at 7.

### C. Defendants Armour, Stewart, Cobbs, and Minor

Plaintiff alleges that the two November 2021 disciplinaries were issued in retaliation, and the verdict given in retaliation, for Plaintiff's filing of grievance PB-18-00173. (Doc. No. 1 at 27-29). Plaintiff further alleges Defendants Armour, Stewart, Cobbs, and Minor acted in concert in the disciplinary proceedings.

To state a § 1983 retaliation claim, a plaintiff must plead that: (1) he was engaged in a protected activity; (2) the defendant "took official adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013) (internal citation omitted).

Additionally, there must be some showing of retaliatory animus. See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996). See also Bitzan v. Bartruff, 916 F.3d 716, 717 (8th Cir. 2019) (affirming summary judgment where plaintiff did not allege facts connecting defendants to the challenged actions); Antonelli v. Tipton, Case No. 08-3123, 2009 WL 4825169 at *904 (8th Cir. Dec. 16 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in Rienholtz v. Campbell, "an inmate cannot immunize himself . . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." Id.

Plaintiff filed grievance PB-18-00173 on November 19, 2018—years before the retaliation that allegedly took place in 2021. Grievance PB-18-00173 did not name Defendant Armour, Stewart, Cobbs, or Minor. Further, neither of the lawsuits Plaintiff filed in state court named any

9

of these individuals as a defendant. Under these circumstances, the Court finds no basis for retaliatory animus—there is nothing in Plaintiff's pleading to indicate that the disciplinary procedure was in any way influenced by grievance PB-18-00173 or Plaintiff's state-court lawsuits.

Plaintiff also alleged that these Defendants acted in concert. A conspiracy claim under 42 U.S.C. § 1983 requires a plaintiff to establish: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff." Burton v. St. Louis Bd. of Police Com'rs, 731 F.3d 784, 798 (8th Cir. 2013) (internal citations omitted). A claim of conspiracy must be supported by factual allegations sufficient to suggest that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding" and "meeting of the minds." Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983) (internal citation omitted). Dismissal is appropriate where the complaint is bare of factual allegations to support the claim of conspiracy. McClain v. Kitchen, 659 F.2d 870, 872 (8th Cir. 1981).

Here, Plaintiff has not pled facts showing a meeting of the minds. And even if he had, as explained above, Plaintiff's retaliation claims against Defendants Armour, Stewart, Cobbs, or Minor fail.

### D. Defendant Payne

Plaintiff alleges that Defendant Payne retaliated against him, and allowed others to retaliate against him, in the November 2021 disciplinary process. Plaintiff sued Defendant Payne in his state court actions, and Defendant Payne denied Plaintiff's appeals of his November 2021 grievances. The Court finds Plaintiff stated a retaliation claim against Defendant Payne. But, Heck's favorable termination rule applies to Plaintiff's claim against Defendant Payne, as well. Here, the result of alleged retaliation included the loss of good time, and the record indicates that

the appeal of the disciplinaries was denied. Plaintiff has not shown otherwise that the loss of good time was invalidated. Accordingly, Plaintiff's retaliation claim against Defendant Payne fails.

Plaintiff also alleged corrective inaction. A supervisor can be held liable "'for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010). Plaintiff claims Defendant Payne failed to take corrective action against Defendants Armour, Stewart, Cobbs, and Minor, but Plaintiff did not allege that Defendant Payne was personally involved in their alleged constitutional violations. And, the Court found Plaintiff's allegations of retaliation against Defendants Armour, Stewart, Cobbs, and Minor failed to state a claim. Without predicate violations, Plaintiff cannot establish that Defendant Payne was deliberately indifferent to or tacitly approved of violative practices. Accordingly, Plaintiff's corrective inaction claim against Defendant Payne also fails.

E. **Defendant Branch**

Plaintiff alleges Defendant Branch "allowed retaliatory acts of her (staff members) to go uncorrected when it was brought to sames on (November 12th, 2021), meaning – she knew or should have known that such errant & illegal conduct would result in irreparable harm to this plaintiff!" (Doc. No. 1 at 27). According to Plaintiff, he presented an "'employee conduct standards' violation concerning prohibited conduct by [Defendant] Armour . . . and . . . [Defendant] Cobbs" to Defendant Branch, who "took no corrective action toward the fact of staff members having a deceptive and false incident report statement + calculated to be false . . . ." (Id. at 58). (See also Id. at 59, 60) (making similar allegations).

Again, to establish corrective inaction, a plaintiff must show that a supervisor was personally involved in a constitutional violation, or that the supervisor's "corrective inaction

11

amounts to deliberate indifference to or tacit authorization of the violative practices." Langford, 614 F.3d at 460. Plaintiff did not allege that Defendant Branch was personally involved in the alleged constitutional violation. Further, Plaintiff complains that Defendant Branch failed to take corrective action in connection with an alleged false disciplinary. But a false disciplinary, without more, does not rise to the level of a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). And the Court has found that Plaintiff's retaliation claims against Defendants Armour, Stewart, Cobbs, and Minor fail, so there is no underlying violative practice. As such, Plaintiff's corrective inaction claim against Defendant Branch likewise fails.

Plaintiff has failed to state a claim on which relief may be granted. As a result, his Complaint should be dismissed without prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 16th day of December, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE